NUMBER 13-08-00395-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

RAUL LEAL MESA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 On April 28, 2000, appellant, Raul Leal Mesa, was charged by indictment with
unlawful possession of a controlled substance--heroin--in an amount exceeding four
grams but less than 200 grams, a second-degree felony. Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (Vernon Supp. 2009); see id. § 481.102(2) (Vernon Supp. 2009) (listing
heroin in "Penalty Group I"). Pursuant to a plea agreement with the State, Mesa pleaded
guilty to the offense. The trial court sentenced Mesa to ten years' incarceration in the
Institutional Division of the Texas Department of Criminal Justice, suspended the sentence,
placed Mesa on community supervision for a period of ten years, and imposed a $500 fine
and $497.25 in court costs. 

 On November 14, 2000, the State filed an original motion to revoke Mesa's
community supervision alleging that Mesa violated several terms of his community
supervision, including, among other things, consuming cocaine and failing to pay court
costs and the imposed fine. Mesa pleaded "true" to all of the allegations contained in the
State's original motion to revoke, and the trial court ordered that Mesa be sanctioned to
term confinement and treatment in the Substance Abuse Felony Punishment Facility
("SAFPF") in the Nueces County jail. (1)

 On August 15, 2002, the State filed a second motion to revoke Mesa's community
supervision alleging that Mesa submitted a positive urinalysis for cocaine and failed to
submit to additional drug treatment at the Transitional Treatment Center. Mesa pleaded
"true" to the allegations made in the State's second motion to revoke, and the trial court
imposed a second set of sanctions which required that Mesa: (1) be placed in an intensive
or maximum probation program; (2) return to the Transitional Treatment Center; and (3)
participate in weekly urinalysis.

 On May 20, 2003, the State filed a third motion to revoke, alleging that Mesa had: 
(1) once again submitted positive urinalyses for cocaine on March 24, 2003 and April 8,
2003; (2) failed to report to his probation officer on April 22, 2003; (2) and (3) failed to attend
meetings at the Transitional Treatment Center. Mesa pleaded "true" to the allegations
contained in the State's third motion to revoke, and the trial court revoked Mesa's
community supervision, reinstated his original ten-year sentence, and reduced the
sentence to five years' confinement with no fine. This appeal ensued.

 Mesa's appellate counsel, concluding that the appeal in this cause is "wholly
frivolous," filed an Anders brief, in which he reviewed the merits, or lack thereof, of the
appeal. We affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Mesa's court-appointed
appellate counsel has filed a brief with this Court, stating that his review of the record
yielded no points of error upon which an appeal can be predicated. In his brief, counsel
addresses three possible points of error: (1) whether Mesa received adequate notice of
the State's third motion to revoke; (2) whether any reversible error occurred at the hearing
on the State's third motion to revoke; and (3) whether the trial court properly sentenced
Mesa. Counsel concludes, however, that these issues lack merit and that any appeal in
this case would be "wholly frivolous." Counsel's brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no non-frivolous grounds
for advancing on appeal. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Mesa's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel's motion to withdraw on Mesa, and (3) informed Mesa of his
right to review the record and to file a pro se response. (3) See Anders, 386 U.S. at 744;
Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More
than an adequate period of time has passed, and Mesa has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw

 In accordance with Anders, Mesa's attorney has asked this Court for permission to
withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d
at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no
pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant. To withdraw from representation, the appointed attorney must
file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within
five days of the date of this Court's opinion, counsel is ordered to send a copy of the
opinion and judgment to Mesa and advise him of his right to file a petition for discretionary
review. (4) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex
parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b).

Delivered and filed the 

15th day of April, 2010. 
1. According to Mesa's counsel at the hearing on the State's third motion to revoke, Mesa successfully
completed the SAFPF program and received additional treatment at the Transitional Treatment Center in
Corpus Christi, Texas.
2. At the hearing on the State's third motion to revoke, Mesa's probation officer testified that: (1) she
had not heard from Mesa since 2003; (2) because Mesa failed to report to his probation officer, he was in
violation of his community supervision and was thus classified as an absconder; and (3) law enforcement
attempted to execute a warrant at Mesa's last known address on May 13, 2004, but Mesa was nowhere to
be found. Mesa also testified at the hearing. He noted that he was arrested on April 17, 2008, while trying
to procure social security benefits and admitted that he ran from authorities because he had "messed up" and
was probably going to be sentenced to imprisonment. 
3. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
4. No substitute counsel will be appointed. Should Mesa wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.